UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| REALTIME DATA LLC d/b/a ISO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 17-cv-11279-IT |
| ACRONIS, INC., | * | |
| Defendant. | * | |

ORDER

November 28, 2017

TALWANI, D.J.

The parties' proposed Protective Order [#30-3] is adopted by the court, excepting that Paragraph 16 is stricken, and shall be replaced with the following paragraph:

No Party shall file any DESIGNATED MATERIAL with the Court until the Court determines whether such material may be filed under seal or on the public docket. A Party seeking to file such material shall first notify the Party who designated the material, and the Party seeking to maintain the confidentiality of the material shall promptly file a Motion to Impound Designated Material in accordance with District of Massachusetts Local Rule 7.2 and ECF Administrative Procedures. The Motion to Impound shall reference this Order, describing the general nature and purpose for submitting the paper (i.e., exhibit to declaration in support of motion, etc.), and provide a factual demonstration of potential harm to support the request for leave to file the document under seal.[1] Reference to a document's designation as DESIGNATED

---

[1] Because the public has a "presumptive" right of access to judicial documents, "'only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access.'" United States v. Kravetz, 706 F.3d 47, 59 (1st Cir. 2013) (quoting In re Providence Journal Co., 293 F.3d 1, 10 (1st Cir. 2002)). Accordingly, the burden

MATERIAL pursuant to the Protective Order, without more, will not suffice to show a particularized need for impoundment. If a Party obtains leave to file DESIGNATED MATERIAL under seal, the filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information, or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

IT IS SO ORDERED.

Date: November 28, 2017

*/s/ Indira Talwani*
United States District Judge

---

the common-law right of access.'" United States v. Kravetz, 706 F.3d 47, 59 (1st Cir. 2013) (quoting In re Providence Journal Co., 293 F.3d 1, 10 (1st Cir. 2002)). Accordingly, the burden is on the party seeking to maintain a document's confidentiality to demonstrate that impounding the document will not violate the public's presumptive right of access, including "'a particular factual demonstration of potential harm, not . . . conclusory statements'" as to why a document should be sealed. Id. at 60 (quoting Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 412 (1st Cir. 1987)); see also Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." (citations omitted)).