**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO,<br><br>       Plaintiff,<br><br>  v.<br><br>ACRONIS, INC.,<br><br>       Defendant. | C.A. No. 1:17-cv-11279-IT |

**DEFENDANT ACRONIS, INC.'S
STATEMENT ON BIFURCATION OF CLAIM CONSTRUCTION**

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................1

II. FACTUAL BACKGROUND ...............................................................................................1

    A. Patents-in-Suit ..........................................................................................................2

    B. Alleged Infringement ...............................................................................................2

III. LEGAL STANDARD ..........................................................................................................3

IV. ARGUMENT .......................................................................................................................4

    A. Focusing on dispositive issues first can facilitate swift resolution of this case ........................................................................................................................4

    B. The Court could resolve this dispute faster by determining whether compression / compressing data condenses data down in size in a manner that it can be expanded back to its original form ......................................................4

V. CONCLUSION .....................................................................................................................5

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Cytologix Corp. v. Ventana Med. Sys., Inc.*,
  424 F.3d 1168 (Fed. Cir. 2005)............................................................................................3

*Iris Connex, LLC v. Acer America Corp. et al.*,
  No. 15-cv-1909 (E.D. Tex. May 25, 2016), Dkt. No. 176....................................................3, 4

*Morphosys AG v. Janssen Biotech, Inc.*,
  No. 16-cv-00221 (D. Del. Oct. 18, 2016), Dkt. No. 57 .........................................................3

*NTP, Inc. v. Research in Motion, Ltd.*,
  418 F.3d 1282 (Fed. Cir. 2005)............................................................................................3

*Realtime Data LLC d/b/a IXO v. Rackspace US, Inc. et al.*,
  Case No. 6:16-cv-00961 (E.D. Tex. Mar. 31, 2017), Dkt. No. 128.........................................2

*Technology Innovations Associates LLC v. Google Inc.*,
  No. 13-cv-00355 (D. Del. June 9, 2014), Dkt. No. 33.........................................................3

*Vasudevan Software, Inc. v. MicroStrategy, Inc.*,
  782 F.3d 671 (Fed. Cir. 2015)..............................................................................................5

*Visto Corp. v. Sproqit Tech., Inc.*,
  445 F. Supp. 2d 1104 (N.D. Cal. 2006) ...............................................................................5

*Vivid Tech., Inc. v. Am. Science & Eng'g, Inc.*,
  200 F.3d 795 (Fed. Cir. 1999)..............................................................................................3

*Whetstone Elecs., LLC v. Xerox Corp.*,
  No. 6:10cv278, 2011 WL 3510750 (E.D. Tex. Aug. 10, 2011) ............................................3

Pursuant to the Amended Scheduling Order (Dkt. No. 40), Defendant Acronis, Inc. ("Acronis" or "Defendant") respectfully requests bifurcation of the claim construction proceedings to first address case dispositive terms.

## I.    INTRODUCTION

Under a bifurcated claim construction, the Court may focus on one overall question: Does "compression / compressing" data according to the patents condense that data down in size such that it can be expanded back to its original form? The answer to this question will inform the claim scope of "compressing," "compression," and "compressed," and accordingly will affect every claim in this case. Here, Plaintiff Realtime Data LLC d/b/a IXO ("Plaintiff" or "Realtime") has asserted infringement of twenty nine claims from four patents against Acronis. The crux of Plaintiff's infringement theory against Defendant, however, is largely formed on exploitation of similar claim terms dealing with data: "compressed"[1] and "compressing / compression." A bifurcated claim construction proceeding that provides an early claim construction hearing ("mini-*Markman*") on these terms would benefit the parties and the Court by potentially disposing of all of the issues in this case.

## II.   FACTUAL BACKGROUND

Plaintiff alleges that Acronis infringes four patents: U.S. Patent Nos. 9,054,728 (the "'728 patent"), 7,415,530 (the "'530 patent"), 9,116,908 (the "'908 patent"), and 8,717,204 (the "'204 patent") (collectively "Asserted Patents"). *See* Dkt. No. 1, Complaint. Plaintiff specifically lists the following claims as allegedly infringed: 12-14, 20, and 21 of the '204 patent, claims 1, 2, 4-6, 9, 10, 15, 20, 24, and 25 of the '728 patent, claims 1-4, 18, and 19 of the '530 patent, and claims 1, 2, 4, 6, 21, 22, and 25 of the '908 patent (collectively "Asserted Claims").

---

[1] The Asserted Claims use various forms of the word "compressed," including "compressed data," "compressed data block," "compressed data stream," and "compressed form."

1

### A. Patents-in-Suit

The Asserted Patents relate to compressing data to provide accelerated transmission of data over communication channels. As Realtime admits, data compression is a well-known and widely used technique. *See* e.g., the '728 Patent at 2:1-4. The Asserted Patents do not teach any new way to compress data. Instead, the Asserted Patents state that the alleged invention is using more than one compression (or "encoding") technique "currently well known within the art" in a single system. *See e.g.,* '728 patent at 7:11-22.

As Realtime recently explained during a claim construction proceeding in a separate case on the '728 patent, "the claimed methods and systems analyze the underlying data in the uncompressed data blocks . . . to identify one or more parameters of the content of that data" and "[w]hen the parameter is identified, a particular compression encoder that is 'associated' with that parameter is employed to compress the data block." See Exhibit A, Claim Construction Brief at 2-3, *Realtime Data LLC d/b/a IXO v. Rackspace US, Inc. et al.*, Case No. 6:16-cv-00961 (E.D. Tex. Mar. 31, 2017). For example, if the uncompressed data block is an image file, the Asserted Patents' system would select and apply a compression encoder that is suited best for image files. In contrast, if the uncompressed data block is an ASCII file, Realtime's system would select and apply a different compression encoder that is suited best for ASCII files.

### B. Alleged Infringement

Acronis's product that Realtime accuses is a data backup and recovery system. Acronis's product does not practice multiple compression techniques. Yet Realtime alleges that Acronis's technology, known as deduplication, which chooses not to send duplicate data blocks during the backup process, constitutes a compression technique because "[p]erforming deduplication results in representation of data with fewer bits." *See* Amended Complaint, Dkt. No. 31, ¶¶ 14, 32.

Deduplication, however, is not a type of compression contemplated by the Asserted

2

Patents, and is *never mentioned* in any of the Asserted Patents.  Deduplication involves electing *not* to transmit duplicate data that the recipient already has. *See* Ex. B – Acronis Backup & Recovery 10.  In lieu of transmitting the duplicate data itself, deduplication systems may simply inform the receiving device that it already has the original data.

An email analogy can illustrate the difference between compression and deduplication. For instance, if one sent an email with a large file as an attachment, the original attachment may be compressed to a format that reduces its size for transmission, but allows the compressed file to be restored back to its expanded form by the receiver. The issue of deduplication arises if the sender intends to retransmit the original email with the same attachment. Here, instead of retransmitting the duplicate attachment, the sender can instead inform the recipient of date and time the original email was sent, allowing the receiver to recover the original email and attachment without the need to retransmit the duplicate file. Thus, in the instance of deduplication, no file is compressed and no condensed version of the file is sent.

### III.   LEGAL STANDARD

Courts have "considerable latitude in determining when to resolve issues of claim construction." *Cytologix Corp. v. Ventana Med. Sys., Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005); *see also NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1305 n.8 (Fed. Cir. 2005) (noting that district courts are not required to adhere to a specific timeline in making construction rulings). "[T]he stage at which the claims are construed may vary with the issues, their complexity, the potentially dispositive nature of the construction, and other considerations of the particular case." *Vivid Tech., Inc. v. Am. Science & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999). Indeed, district courts have often conducted early limited claim construction when the terms considered may be potentially dispositive. *See e.g.,* Oral Order, *Technology Innovations Associates LLC v. Google Inc.*, No. 13-cv-00355 (D. Del. June 9, 2014); Order, *Morphosys AG v.*

3

*Janssen Biotech, Inc.*, No. 16-cv-00221 (D. Del. Oct. 18, 2016); *Whetstone Elecs., LLC v. Xerox Corp.*, No. 6:10cv278, 2011 WL 3510750, at *1 (E.D. Tex. Aug. 10, 2011); Order, *Iris Connex, LLC v. Acer America Corp. et al.*, No. 15-cv-1909 (E.D. Tex. May 25, 2016).

## IV. ARGUMENT

### A. Focusing on dispositive issues first can facilitate swift resolution of this case

Expedited claim construction of the related disputed terms, "compressed" and "compression / compressing," could facilitate a quick resolution of this case. These terms affect the claim scope of all the Asserted Claims. If the Court adopts Acronis's proposed constructions detailed below, this case could come to an early resolution because there can be no infringement under Acronis's proposed construction. However, even if the Court does not adopt Acronis's proposed construction, the number of disputed terms can be reduced with better understanding of the claim scope of the Asserted Patents.

Thus, the parties and the Court would benefit from conducting a bifurcated claim construction that focuses on these dispositive terms prior to the need for a more exhaustive and expensive claim construction on remaining disputed terms.

### B. The Court could resolve this dispute faster by determining whether compression / compressing data condenses data down in size in a manner that it can be expanded back to its original form

Here, Acronis's proposed construction of "compressing / compression" and "compressed" specifies that data indeed must be reduced in size and must be able to be decompressed back to the original form of the data.

"Data compression is widely used to reduce the amount of data required to process, transmit, or store a given quantity of information." *See* e.g., the '530 Patent at 1:50-53. The Asserted Patents specify that its "invention relates generally to data storage and retrieval . . . utilizing [] data compression and decompression." *Id.* at 1:15-18. Further, "data retrieval

accelerator 80 is configured to **decompress each compressed data block** which is received from the data storage device 45." *Id.* at 6:4-6 (emphasis added). Thus, according to the Asserted Patents, "compressed data" must be capable of being decompressed or expanded back to its original form.

In the instance of deduplication where the uncompressed data is duplicate, Acronis does not transmit *any portion* of the uncompressed data in *any* form (compressed or uncompressed). Instead, Acronis in this case only sends a "hash value." *See* Dkt. 31, ¶ 14. A hash value, however, does not include any content from the original data and thus cannot be expanded back to its original form. Realtime, in an attempt to broaden the meaning of compression to include instances of when *none of the original data is transmitted*, states that compression is "representing data with fewer bits."[2] Realtime thus improperly alleges that Acronis infringes the Asserted Patents by contending that removing or not sending data results in compressed data.

Because Acronis and Realtime propose different constructions for the terms, and Acronis's proposal could be dispositive to all of Plaintiff's claims, an early claim construction addressing the "compress" terms could provide a swift resolution to this case.

## V.   CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court bifurcate the claim construction proceedings to first address "compressed" and "compression / compressing" during a mini-*Markman* hearing and a separate *Markman* hearing, if needed, for all remaining terms in dispute.

---

[2]  Although a court in the Eastern District of Texas adopted Realtime's construction in a case involving another defendant, the findings of that court are not controlling here. *Visto Corp. v. Sproqit Tech., Inc.*, 445 F. Supp. 2d 1104 (N.D. Cal. 2006) ("This Court is not bound to follow the decision [on claim construction] of another district court."). Additionally, to the extent that any other defendant may have stipulated to Realtime's construction in other cases is also irrelevant. *Vasudevan Software, Inc. v. MicroStrategy, Inc.*, 782 F.3d 671, 678 (Fed. Cir. 2015) ("the fact that a claim construction was agreed to in the context of a different litigation is of little relevance or probative value here.").

Dated: January 8, 2018 	Respectfully submitted,

	*/s/ Janine A. Carlan*
	Janine A. Carlan (*Pro Hac Vice*)
	Jasjit S. Vidwan (*Pro Hac Vice*)
	**ARENT FOX LLP**
	1717 K Street, NW
	Washington, DC 20036-5344
	Telephone: (202) 857-6000
	janine.carlan@arentfox.com
	jasjit.vidwan@arentfox.com

	Allen N. David, BBO #115000
	Elizabeth A. Houlding, BBO #645981
	**PEABODY & ARNOLD LLP**
	Federal Reserve Plaza
	600 Atlantic Avenue
	Boston, MA 02210
	Telephone: (617) 951-2100
	adavid@peabodyarnold.com
	ehoulding@peabodyarnold.com

	*Attorneys for Defendant Acronis, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 8, 2018, I electronically filed the foregoing Statement with the Clerk of Court using the CM/ECF System, which will serve via e-mail notice of such filing to all counsel registered as CM/ECF users.

*/s/ Janine A. Carlan*