**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO,<br><br>        Plaintiff,<br><br>    v.<br><br>ACRONIS, INC.,<br><br>        Defendant. | C.A. No. 1:17-cv-11279-IT<br>(LEAD) |
|     v.<br><br>CARBONITE, INC.,<br><br>        Defendant. | C.A. No. 1:17-cv-12499-IT<br>(CONSOLIDATED) |

**DEFENDANT CARBONITE, INC.'S
<u>STATEMENT ON BIFURCATION OF CLAIM CONSTRUCTION</u>**

Pursuant to the Consolidated Scheduling Order (Dkt. No. 62), Defendant Carbonite, Inc. submits its constructions for the claim terms addressed in Defendant Acronis, Inc.'s Statement (Dkt. No. 49) and provides the following statement regarding bifurcation of claim construction.

## I.  INTRODUCTION

As the Court is aware, early claim construction focusing on a limited set of case dispositive claim terms can be an important tool for conserving judicial resources and decreasing litigation costs.[1] Acronis has requested early claim construction ("mini-*Markman*") of three similar claim terms: "compressing," "compression," and "compressed"[2] (collectively "the 'compression' terms"). *See* Acronis Statement at 1. Carbonite agrees with Acronis that proper construction of the "compression" terms would be case dispositive because Plaintiff Realtime Data's case erroneously rests on data "compression" as including "data deduplication."[3] When the "compression" terms are properly construed, Carbonite cannot infringe any of the patents-in-suit.

Carbonite also agrees with Acronis that the principal dispute concerning the "compression" terms is whether "compressing" or "compression," in accordance with the patents-in-suit, necessarily requires the ability to reverse the compression and reconstruct the compressed data back to expanded form (*i.e.*, decompression). *See* Acronis Statement at 1. Contrary to this fundamental property of data compression, Realtime's infringement allegations against Carbonite are based on a flawed and unreasonably broad construction of compression that Realtime asserts

---

[1] Recognizing the benefit of this procedure, a number of courts have entered standing orders that permit litigants to request early claim construction of dispositive claim terms. *See, e.g.*, The Honorable John D. Love, Standing Order For Early Markman Hearing/Summary Judgment Of Noninfringement at http://www.txed.uscourts.gov/?q=judge/magistrate-judge-john-love.

[2] The asserted claims use various forms of the word "compressed," including "compressed data," "compressed data block," "compressed data stream," and "compressed form."

[3] There is nearly complete overlap in the claims asserted against each of Carbonite and Acronis, and each asserted claim recites some form of the "compression" terms.

encompasses data deduplication. *See e.g.*, Complaint against Carbonite (Dkt. No. 1) at ¶ 31 ("Performing deduplication results in representation of data with fewer bits."). Because it would be needlessly wasteful to prolong this case by allowing Realtime to continue to allege that data deduplication is compression, Carbonite believes that early judicial scrutiny of the "compression" terms is warranted as such will result in case dispositive constructions. With efficiency and expediency in mind, the bifurcated claim construction requested by Carbonite and Acronis will singularly focus on the proper construction of the "compression" terms.

**II.   CARBONITE'S CLAIM CONSTRUCTIONS**

Carbonite agrees with Acronis that the "compression" terms are generally understood in the art to require 1) reduction in the size of data; and 2) reversibility such that the data that has been reduced in size (*i.e.*, compressed) can be reconstructed back to expanded form (*i.e.*, decompressed). *See* Acronis Statement at 4 ("Acronis's proposed construction … specifies that data indeed must be reduced in size and must be able to be decompressed back to the original form of the data."). While there is conceptual agreement with Acronis, Carbonite proposes the following constructions to more precisely define the "compression" terms:

| Claim Term | Carbonite's Proposed Construction |
|---|---|
| compressed [data] | data encoded to reduce its size, where the encoded data can be decoded to expanded form |
| compressing / compression | encoding to reduce the size of data, where the encoded data can be decoded to expanded form |

Like Carbonite's constructions, the patents-in-suit use the terms encode/decode to impart the common understanding that *encoded* data reduced in size can be *decoded* to expanded form. *See* '530 Patent at 1:52–55 ("In general, there are two types of data compression techniques that may be utilized separately or jointly to encode/decode data: lossy and lossless data compression.");

2:6–7 ("Simply stated, the decoded (or reconstructed data) is identical to the original unencoded/uncompressed data."); 14:24–27 ("Decoding techniques are selected based on their ability to effectively decode the various different types of encoded input data generated by the data compression systems."). *See also Retractable Techs., Inc. v. Becton*, 653 F.3d 1296 (Fed. Cir. 2011) ("In reviewing the intrinsic record to construe the claims, we strive to capture the scope of the actual invention…."). To say that compressed data is simply "representing data with fewer bits" (*see* Dkt. No. 50, Realtime Statement at 1) is a misleading and factually unsupported oversimplification of how the "compression" terms are understood in the art and used in the patents-in-suit. This is because the construction fails to impart any requirement that the "fewer bits" purportedly *representing* the original data carry sufficient information to decompress the data to expanded form. Indeed, it is exactly this deficiency that Realtime needs to rely on to perpetuate its erroneous argument that data deduplication is data compression. *See e.g.*, Complaint against Carbonite (Dkt. No. 1) at ¶ 31 ("Performing deduplication results in representation of data with fewer bits."). As known in the art, data compression reduces the size of data and can be reversed to reconstruct the compressed data to expanded form. By contrast, data deduplication removes duplicate data from a set of data. For example, data compression reduces the amount of data required to store an image, whereas data deduplication removes copies of an already stored image.

### III.  ARGUMENT

#### A.  Focusing Early on Dispositive Claim Construction Issues Is Beneficial

Early resolution of "What does the patent-in-suit mean?" is beneficial to both the Court and the parties, as it sets the framework for the case and can expedite case proceedings, including early resolution. This is especially true for claim terms that are considered by one party to be case dispositive. As explained in Acronis's Statement, courts have considerable latitude in the manner in which they resolve claim construction disputes. *See* Acronis Statement at 3. Recognizing the

3

usefulness of early claim construction, some courts have entered standing orders permitting the parties to request early resolution of case dispositive claim terms. *See e.g.*, n.1 *supra* ("One of the Court's goals is, as much as possible, to decrease litigation costs for the parties. To that end, and to sharpen the Court's focus on the dispositive or most important issues, the Court will permit Defendant to submit, if desired, a request to construe no more than three "case dispositive" claim terms."). Indeed, Realtime agrees that "bifurcation of claim construction can be useful in certain cases." *See* Realtime Statement at 1.

Here, early construction of the "compression" terms can result in early disposition of the case. This is because Realtime's infringement allegations rest on equating data deduplication in Carbonite's products with data compression based on an erroneous interpretation of the "compression" terms in the claims of the patents-in-suit. *See e.g.*, Complaint against Carbonite (Dkt. No. 1) at ¶ 31 ("Performing deduplication results in representation of data with fewer bits."); ¶ 49 ("The first (deduplication) and second (compression) compression techniques used by the Accused Instrumentality….").[4] If the Court adopts Carbonite's construction, Carbonite will evidence that hash values utilized in connection with data deduplication are not encoded data and that hash values cannot be reconstructed to expanded form. Put another way, hash values used to identify duplicate data are not encoded/compressed data and certainly cannot be decoded/decompressed. Rather, hash values are a numerical computation generated by a hash function, and the computation used to generate the hash value cannot be reversed. Instead, hash values typically function as a pointer or identifier in a hash table to facilitate rapid data lookup. Because Realtime's infringement allegations equate hashing with data compression—two

---

[4] Recognizing the vulnerability of its position, Realtime has advanced an alternative position in its infringement contentions that data deduplication is *equivalent* to data compression. Carbonite disagrees with Realtime's fallback alternative position and will show why it fails as needed.

technically distinct concepts—early disposition of this disputed issue stands to be case dispositive in confirming that Carbonite does not infringe. At a minimum, the Court's construction and guidance on the "compression" terms will focus discovery and argument going forward.

### B. Realtime's Argument Against Bifurcation Invites Legal Error

In its opposition to Acronis's Statement, Realtime argues that bifurcation in this case is not appropriate because its construction of the "compression" terms has been entered by other federal courts. *See* Realtime Statement at 1-2. This argument is not only legally unpersuasive but invites legal error. As the Court is aware, claim construction is "a matter of law reserved entirely for the court." *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996). It would be error for a court to simply adopt a prior claim construction decision and not undertake the requisite claim construction analysis.[5] As explained in Acronis's Statement, this Court is not bound by claim construction decisions of other district courts. Acronis Statement at n. 2. The Federal Circuit has not reviewed, let alone approved, the construction of the "compression" terms recited in the asserted claims. Certainly, it is not unusual for the Federal Circuit to reverse claim construction decisions. *See, e.g., VirnetX, Inc. v. Cisco Sys.*, 727 F.3d 1308, 1318 (Fed. Cir. 2014) (reversing the construction of "secure communication link"); *see also, e.g., Azure Networks, LLC. v. CSR PLC*, 771 F.3d 1336, 1350 (Fed. Cir. 2014) (reversing the construction of "MAC address"); *Chrimar Holding Company, LLC et al. v. ALE USA Inc.*, Case No. 2017-1847, slip op. at 12 (Fed. Cir. May 8, 2018) (reversing the construction of "adapted").

Thus, Carbonite requests this Court to undertake its own analysis of the "compression" terms in an early mini-*Markman*, the result of which stands to resolve the question of infringement.

---

[5] In addition, it would be fundamentally unfair to disadvantage future defendants by foreclosing their opportunity to engage in claim construction. Such is not the law.

5

Dated:  June 22, 2018                                             Respectfully submitted,

                                                                   */s/  Wasif Qureshi*

                                                                  Irwin B. Schwartz (BBO# 548763)
                                                                  ischwartz@blaschwartz.com
                                                                  **BLA SCHWARTZ, PC**
                                                                  One University Ave., Suite 302B
                                                                  Westwood, Massachusetts 02090
                                                                  Phone: 781-636-5000
                                                                  Fax: 781-636-5090

                                                                  Wasif H. Qureshi
                                                                  Texas State Bar No. 24048155
                                                                  Chris N. Cravey
                                                                  Texas State Bar No. 24034398
                                                                  Email: ccravey@jw.com
                                                                  **JACKSON WALKER LLP**
                                                                  1401 McKinney Street, Suite 1900
                                                                  Houston, Texas 77010
                                                                  Phone: 713-752-4200
                                                                  Fax: 713-752-4221

                                                                  **Attorneys for Defendant
                                                                  CARBONITE, INC.**

## CERTIFICATE OF SERVICE

I certify that on June 22, 2018 this document, filed through the ECF system, will be sent electronically to counsel of record who are registered participants as identified on the Notice of Electronic Filing.

                                                                  */s/  Wasif H. Qureshi*
                                                                  Wasif H. Qureshi