# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO,<br><br>Plaintiff,<br><br>v.<br><br>ACRONIS, INC.,<br><br>Defendant. | C.A. No. 1:17-cv-11279-IT<br>LEAD CASE |
| v.<br><br>CARBONITE, INC.,<br><br>Defendant. | C.A. No. 1:17-cv-12499-IT<br>(CONSOLIDATED) |

**CARBONITE'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS IN RESPONSE TO REALTIME DATA'S COMPLAINT**

Defendant Carbonite, Inc. ("Carbonite") files this, its Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff Realtime Data LLC d/b/a IXO's ("Realtime Data") Complaint (Dkt. No. 1).[1] Carbonite denies the allegations and characterizations in Realtime Data's Complaint unless expressly admitted in the following headings and numbered paragraphs, which correspond to the headings and numbered paragraphs in the Complaint:

---

[1] Carbonite notes that the Complaint accuses of infringement products developed by EVault, Inc. ("EVault"), the assets of which Carbonite acquired on January 13, 2016. Any liability due to the accused EVault products should attach to EVault and its parent Seagate Technology (US) Holdings, Inc., which relief Carbonite has sought in state court. *See Carbonite v. Seagate Technology et al.*, Case No. 1884-cv-1752 (Sup. Ct. Mass.). Carbonite further notes that Realtime Data has separately sued EVault for infringement of the asserted patents by the accused EVault products. *See Realtime Data LLC v. EVault, Inc.*, Case No. 1:17-cv-972-GMS (D. Del.). To be clear, Carbonite's responses herein shall not be taken as any admission or concession that any liability due to the accused EVault products should attach to Carbonite.

## PARTIES

1. Carbonite lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint and therefore denies them.

2. Admitted.

3. The allegations in Paragraph 3 of the Complaint are not directed to Carbonite and thus Carbonite is not required to provide a response. However, to the extent a response is deemed to be required, Carbonite lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint and therefore denies them.

4. Carbonite completed an acquisition of assets of EVault, Inc. in 2016 but did not acquire the EVault, Inc. entity. Carbonite denies any remaining allegations in Paragraph 4 of the Complaint, including any allegations of infringement.

## JURISDICTION AND VENUE

5. Carbonite admits that the Complaint purports to set forth an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Carbonite admits that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338. Carbonite denies any remaining allegations in Paragraph 5 of the Complaint, including any allegations of infringement.

6. Carbonite does not contest whether personal jurisdiction over it properly lies in the Eastern District of Texas. Any remaining allegations in Paragraph 6 of the Complaint are denied, including any allegations of infringement.

7. The allegations in Paragraph 7 of the Complaint are not directed to Carbonite and thus Carbonite is not required to provide a response. However, to the extent a response is deemed to be required, Carbonite lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint and therefore denies them.

8. Carbonite denies any allegation that venue in the Eastern District of Texas is proper or that there is not a more appropriate or convenient venue for this action. In accordance with the parties' stipulation, this case on December 18, 2017 was transferred from the Eastern District of Texas to the District of Massachusetts. Carbonite denies that it has committed any act of infringement within the Eastern District of Texas or any other district.

## COUNT I
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,054,728

9. Carbonite incorporates and re-avers its above responses to the allegations in Paragraphs 1-8 of the Complaint.

10. Carbonite admits that a purported copy of United States Patent No. 9,054,728 ("the '728 Patent"), entitled "Data compression systems and methods," is attached to the Complaint. Carbonite lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding ownership of the '728 Patent and therefore denies them. Carbonite admits that the '728 Patent purports to have issued on June 9, 2015, but denies that the '728 Patent was duly and legally issued. Any remaining allegations in Paragraph 10 of the Complaint are denied.

**Carbonite**

11-24. Denied

**EVault**

25-38. Denied.

## COUNT II
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,415,530

39. Carbonite incorporates and re-avers its above responses to the allegations in Paragraphs 1-38 of the Complaint.

40. Carbonite admits that a purported copy of United States Patent No. 7,415,530

("the '530 Patent"), entitled "Systems and method for accelerated data storage and retrieval," is attached to the Complaint. Carbonite lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding ownership of the '530 Patent and therefore denies them. Carbonite admits that the '530 Patent purports to have issued on August 19, 2008, but denies that the '530 Patent was duly and legally issued. Any remaining allegations in Paragraph 40 of the Complaint are denied.

**Carbonite**

41-56.  Denied

**EVault**

57-70.  Denied.

## COUNT III
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,116,908

71.     Carbonite incorporates and re-avers its above responses to the allegations in Paragraphs 1-70 of the Complaint.

72.     Carbonite admits that a purported copy of United States Patent No. 9,116,908 ("the '908 Patent"), entitled "Systems and method for accelerated data storage and retrieval," is attached to the Complaint. Carbonite lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding ownership of the '908 Patent and therefore denies them. Carbonite admits that the '908 Patent purports to have issued on August 25, 2015, but denies that the '908 Patent was duly and legally issued. Any remaining allegations in Paragraph 72 of the Complaint are denied.

**Carbonite**

73-82.  Denied

### EVault

83-92. Denied.

### COUNT IV
### [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,717,204

93. Carbonite incorporates and re-avers its above responses to the allegations in Paragraphs 1-92 of the Complaint.

94. Carbonite admits that a purported copy of United States Patent No. 8,717,204 ("the '204 Patent"), entitled "Methods for encoding and decoding data," is attached to the Complaint. Carbonite lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding ownership of the '204 Patent and therefore denies them. Carbonite admits that the '204 Patent purports to have issued on May 6, 2014, but denies that the '204 Patent was duly and legally issued. Any remaining allegations in Paragraph 94 of the Complaint are denied.

### Carbonite

95-107. Denied

### EVault

108-120. Denied.

### [PLAINTIFF'S] PRAYER FOR RELIEF

Carbonite is not required to provide a response to subsections a.-f. in the Complaint's Prayer for Relief. To the extent a response is deemed necessary, Carbonite denies that Realtime Data is entitled to the relief requested in the Prayer for Relief and denies any allegations set forth therein.

## [PLAINTIFF'S] DEMAND FOR JURY TRIAL

Carbonite is not required to provide a response to Realtime Data's request for a trial by jury.

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Carbonite denies them.

## AFFIRMATIVE DEFENSES

Carbonite's Affirmative Defenses are listed below. Carbonite reserves the right to amend this Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

### First Defense
### (Non-Infringement)

Carbonite does not infringe and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of U.S. Patent Nos. 7,415,530, 8,717,204, 9,054,728, and 9,116,908 (the "Asserted Patents").

### Second Defense
### (Invalidity)

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### Third Defense
### (Failure to Mark)

To the extent that Realtime Data and alleged predecessors-in-interest to the Asserted Patents failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Carbonite's actions allegedly infringed one or more of the Asserted Patents, Carbonite is not liable to Realtime Data for the acts alleged to have been performed before they received actual notice that they were allegedly infringing the one or more Asserted Patents.

### Fourth Defense
### (Estoppel, Waiver)

Realtime Data's attempted enforcement of one or more of the Asserted Patents against

Carbonite is barred by estoppel and/or waiver.

**Fifth Defense**
**(No Injunctive Relief)**

Realtime Data's claim for injunctive relief is barred because there exists an adequate remedy at law and Realtime Data's claims otherwise fail to meet the requirements for such relief.

**Sixth Defense**
**(Limitation on Damages)**

Realtime Data's claims for damages are statutorily limited or barred by 35 U.S.C. § 286 and/or § 288.

**Seventh Defense**
**(Prosecution History Estoppel)**

Realtime Data's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent applications relating to and/or resulting in the Asserted Patents, including in post-grant review proceedings before the U.S. Patent & Trademark Office.

**Eighth Defense**
**(Failure to State a Claim)**

Realtime Data's Complaint fails to state a claim upon which relief can be granted (*e.g.*, based on 35 U.S.C. §101).

**Ninth Defense**
**(Government Sales)**

To the extent that any accused product or service has been used or manufactured by or for the United States Government, claims and demands by Realtime Data for relief based on any of the Patents-in-Suit are barred by 28 U.S.C. § 1498.

**Tenth Defense**
**(Ensnarement)**

The claims of the Asserted Patents are not patentable based on claim scope under the

doctrine of equivalents that is narrower than the scope of the actual claim and/or ensnares the prior art.

## COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff Carbonite, Inc. ("Carbonite"), for its counterclaims against Plaintiff and Counterclaim-Defendant Realtime Data LLC d/b/a IXO ("Realtime Data"), states as follows:

## PARTIES

1. Carbonite is a Delaware corporation with a principal place of business located at Two Avenue de Lafayette, Boston, Massachusetts 02111.

2. On information and belief based solely on Paragraph 1 of the Complaint, Counterclaim-Defendant Realtime Data is a corporation organized and existing under the laws of New York with places of business at 5851 Legacy Circle, Plano, Texas 75024, 1828 E.S.E. Loop 323, Tyler, Texas 75701, and 66 Palmer Avenue, Suite 27, Bronxville, NY 10708.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Realtime Data. Realtime Data is the named plaintiff in this action and has consented to the personal jurisdiction of this Court by filing its Complaint against Carbonite (Dkt. No. 1).

4. Subject to Carbonite's defenses and denials, Carbonite alleges that this Court has subject matter jurisdiction over the subject matter of these Counterclaims, without limitation, pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 as they arise under an Act of Congress relating to patents and the Declaratory Judgment Act.

5. Venue in this District is appropriate over these Counterclaims because Realtime Data has consented to the propriety of venue in this Court by filing its Complaint in this Court, in response to which these Counterclaims are asserted.

## FACTUAL BACKGROUND

6. In its Complaint, Realtime Data alleges that, through assignment, it is the owner

of all the right, title, and interest in U.S. Patent Nos. 7,415,530 ("the '530 Patent"), 8,717,204 ("the '204 Patent"), 9,054,728 ("the '728 Patent"), and 9,116,908 ("the '908 Patent") (together, "Asserted Patents").

7. Realtime Data incorrectly alleges that Carbonite infringes the Asserted Patents.

**FIRST COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '530 Patent)**

8. Carbonite re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-7 of these Counterclaims.

9. An actual case or controversy exists between Carbonite and Realtime Data as to whether the '530 Patent has been infringed by Carbonite. Absent a declaration of non-infringement, Realtime Data will continue to wrongfully assert the '530 Patent against Carbonite, and, thereby, cause Carbonite irreparable injury and damage.

10. Carbonite has not infringed and does not infringe, either directly or indirectly, by inducement or contributorily, willfully or otherwise, any valid and enforceable claim of the '530 Patent, either literally or by the doctrine of equivalents.

11. Carbonite seeks a judicial declaration that it has not infringed and does not infringe any valid claim of the '530 Patent so as to ascertain their rights regarding the '530 Patent.

12. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Realtime Data filed its Complaint with knowledge of the facts stated in this Counterclaim.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the '530 Patent)**

13. Carbonite re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-12 of these Counterclaims.

14. An actual case or controversy exists between Carbonite and Realtime Data as to whether the claims of the '530 Patent are valid. Absent a declaration of invalidity, Realtime Data will continue to wrongfully assert the '530 Patent against Carbonite, and, thereby, cause Carbonite irreparable injury and damage.

15. Carbonite seeks a judicial declaration that the claims of the '530 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

16. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Realtime Data filed its Complaint with knowledge of the facts stated in this Counterclaim.

### THIRD COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement of the '204 Patent)**

17. Carbonite re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-16 of these Counterclaims.

18. An actual case or controversy exists between Carbonite and Realtime Data as to whether the '204 Patent has been infringed by Carbonite. Absent a declaration of non-infringement, Realtime Data will continue to wrongfully assert the '204 Patent against Carbonite, and, thereby, cause Carbonite irreparable injury and damage.

19. Carbonite has not infringed and does not infringe, either directly or indirectly, by inducement or contributorily, willfully or otherwise, any valid and enforceable claim of the '204 Patent, either literally or by the doctrine of equivalents.

20. Carbonite seeks a judicial declaration that it has not infringed and does not infringe any valid claim of the '204 Patent so as to ascertain their rights regarding the '204

Patent.

21. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Realtime Data filed its Complaint with knowledge of the facts stated in this Counterclaim.

**FOURTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the '204 Patent)**

22. Carbonite re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-21 of these Counterclaims.

23. An actual case or controversy exists between Carbonite and Realtime Data as to whether the claims of the '204 Patent are valid. Absent a declaration of invalidity, Realtime Data will continue to wrongfully assert the '204 Patent against Carbonite, and, thereby, cause Carbonite irreparable injury and damage.

24. Carbonite seeks a judicial declaration that the claims of the '204 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

25. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Realtime Data filed its Complaint with knowledge of the facts stated in this Counterclaim.

**FIFTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '728 Patent)**

26. Carbonite re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-25 of these Counterclaims.

27. An actual case or controversy exists between Carbonite and Realtime Data as to whether the '728 Patent has been infringed by Carbonite. Absent a declaration of non-

infringement, Realtime Data will continue to wrongfully assert the '728 Patent against Carbonite, and, thereby, cause Carbonite irreparable injury and damage.

28. Carbonite has not infringed and does not infringe, either directly or indirectly, by inducement or contributorily, willfully or otherwise, any valid and enforceable claim of the '728 Patent, either literally or by the doctrine of equivalents.

29. Carbonite seeks a judicial declaration that it has not infringed and does not infringe any valid claim of the '728 Patent so as to ascertain their rights regarding the '728 Patent.

30. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Realtime Data filed its Complaint with knowledge of the facts stated in this Counterclaim.

## SIXTH COUNTERCLAIM
**(Declaratory Judgment of Invalidity of the '728 Patent)**

31. Carbonite re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-30 of these Counterclaims.

32. An actual case or controversy exists between Carbonite and Realtime Data as to whether the claims of the '728 Patent are valid. Absent a declaration of invalidity, Realtime Data will continue to wrongfully assert the '728 Patent against Carbonite, and, thereby, cause Carbonite irreparable injury and damage.

33. Carbonite seeks a judicial declaration that the claims of the '728 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

34. This is an exceptional case under 35 U.S.C. § 285 including without limitation

because Realtime Data filed its Complaint with knowledge of the facts stated in this Counterclaim.

### SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '908 Patent)

35. Carbonite re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-34 of these Counterclaims.

36. An actual case or controversy exists between Carbonite and Realtime Data as to whether the '908 Patent has been infringed by Carbonite. Absent a declaration of non-infringement, Realtime Data will continue to wrongfully assert the '908 Patent against Carbonite, and, thereby, cause Carbonite irreparable injury and damage.

37. Carbonite has not infringed and does not infringe, either directly or indirectly, by inducement or contributorily, willfully or otherwise, any valid and enforceable claim of the '908 Patent, either literally or by the doctrine of equivalents.

38. Carbonite seeks a judicial declaration that it has not infringed and does not infringe any valid claim of the '908 Patent so as to ascertain their rights regarding the '908 Patent.

39. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Realtime Data filed its Complaint with knowledge of the facts stated in this Counterclaim.

### EIGHTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '908 Patent)

40. Carbonite re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-39 of these Counterclaims.

41. An actual case or controversy exists between Carbonite and Realtime Data as to whether the claims of the '908 Patent are valid. Absent a declaration of invalidity, Realtime Data

will continue to wrongfully assert the '908 Patent against Carbonite, and, thereby, cause Carbonite irreparable injury and damage.

42. Carbonite seeks a judicial declaration that the claims of the '908 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

43. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Realtime Data filed its Complaint with knowledge of the facts stated in this Counterclaim.

## **PRAYER FOR RELIEF**

WHEREFORE, Carbonite respectfully prays for judgment against Realtime Data as follows:

a. Dismissing with prejudice all claims in Realtime Data's Complaint against Carbonite and a complete denial of Realtime Data's requests for damages, costs, attorney fees, injunction, and any other form of relief;

b. A permanent injunction restraining Realtime Data and its respective officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with it, from charging, suing or threatening, orally or in writing, that the Asserted Patents have been infringed by Carbonite under any subjection of 35 U.S.C. §§ 271 or 281;

c. Declaring that Carbonite has not infringed, contributed to the infringement of, or induced others to infringe, willfully, literally or under the doctrine of equivalents, any valid claim of the Asserted Patents;

d. Declaring that all claims of the Asserted Patents are invalid;

e. Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding to Carbonite its reasonable costs and expenses of litigation, including but not limited to attorneys' fees and expert witness fees;

f. Awarding to Carbonite its costs and disbursements in defending in this action brought by Realtime Data; and

g. Awarding to Carbonite any and all further relief as this Court may deem just and proper.

## JURY DEMAND

Carbonite hereby demands a trial by jury on all issues properly triable to a jury.

Dated: August 10, 2018

Respectfully submitted,

By: /s/ *Wasif H. Qureshi*

Irwin B. Schwartz (BBO# 548763)
ischwartz@blaschwartz.com
BLA SCHWARTZ, PC
One University Ave., Suite 302B
Westwood, Massachusetts 02090
Phone: 781-636-5000
Fax: 781-636-5090

Wasif H. Qureshi
Texas State Bar No. 24048155
Chris N. Cravey
Texas State Bar No. 24034398
Email: ccravey@jw.com
JACKSON WALKER, LLP
1401 McKinney Street, Suite 1900
Houston, TX 77010
(713) 752-4200
(713) 752-4221 – Fax

**COUNSEL FOR DEFENDANT CARBONITE, INC.**

## **CERTIFICATE OF SERVICE**

I certify that on August 10, 2018 this document, filed through the ECF system, will be sent electronically to counsel of record who are registered participants as identified on the Notice of Electronic Filing.

>*/s/ Wasif H. Qureshi*
>Wasif H. Qureshi