**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO,<br><br>Plaintiff,<br><br>v.<br><br>ACRONIS, INC.,<br><br>Defendant. | C.A. No. 1:17-cv-11279-IT<br>(LEAD) |
| v.<br><br>CARBONITE, INC.,<br><br>Defendant. | C.A. No. 1:17-cv-12499-IT<br>(CONSOLIDATED) |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMITS FOR THE PARTIES' OPENING AND RESPONSIVE CLAIM CONSTRUCTION BRIEFS**

Defendants Carbonite, Inc. ("Carbonite") and Acronis, Inc., ("Acronis") (collectively, "Defendants") file this Unopposed Motion for Leave to Exceed Page Limits for The Parties' Opening and Responsive Claim Construction Briefs and seek leave to file briefs in excess of the 20 page limit set forth in the Local Rules. *See* L.R. 16.6(e)(5) (providing that absent leave of court, the page limits of L.R. 7.1(b)(4) shall apply to all briefs). Specifically, Defendants seek leave for the parties to file opening briefs up to 10 pages in excess of the limit, for a total of 30 pages, and responsive briefs up to 5 pages in excess of the limit, for a total of 25 pages.

Good cause exists for Defendants' request. As the Court is aware, Case Nos. 17-cv-11279 (Acronis) and 17-cv-12499 (Carbonite) have been consolidated for pretrial purposes. *See* Dkt. No.

59. The consolidated cases involve four asserted patents, and the parties have identified 9 terms for construction from 32 asserted claims. *See* Dkt. No. 76 (Joint Claim Construction Statement). The additional pages that Defendants request for the parties' claim construction briefs—10 pages for the opening and 5 pages for the response—are necessary to adequately present evidence and argument applicable to each disputed claim term. For example, with nine claim terms in dispute, the parties will need several of the currently allowed 20 pages to provide sufficient context for each of those terms and the dispute over each. Moreover, Defendants contend that a number of the terms in dispute invoke means-plus-function analysis under pre-AIA 35 U.S.C. § 112, ¶ 6. *See e.g.*, Dkt. No. 76. The briefing on these terms will thus necessarily need to address whether means-plus-function interpretation is appropriate and, if so, the identification of corresponding structure from the patent specification that is associated with the claimed functions. *See* pre-AIA 35 U.S.C. § 112, ¶ 6. In addition, lengthened briefing on the disputed claim terms is warranted by the fact that the four asserted patents include lengthy disclosures, numerous patent figures, and extensive history in other court and USPTO administrative proceedings. *See generally*, Case No. 17-cv-11279, Dkt. No. 1-1 through 1-4 (Exhibits A–D attached to the Acronis Complaint). These factors warrant additional pages for the parties' opening and responsive claim construction briefs.

Further, Defendants respectfully submit that the instant Motion should be granted as a matter of equity. Absent consolidation, Carbonite and Acronis would have each been permitted their own opening claim construction brief. Now that the cases have been consolidated, Defendants intend to file common briefs and thus will have to share the allocation of pages for the opening and responsive claim construction briefs, effectively reducing Carbonite and Acronis' allotments by half. An addition of 10 pages to the opening claim construction brief and 5 pages to

the response brief mitigates the effect of consolidation, while still promoting efficient presentation of the parties' claim construction positions.

Given the number of terms at issue, the extensive history surrounding the asserted patents and claims, the consolidation of cases, and the nature of the parties' proposed claim constructions and disputes, Defendants respectfully requests that the Court grant leave for the parties to file up to a 30-page opening claim construction brief and up to a 25-page responsive claim construction brief.

Dated: March 5, 2019

*/s/ Chris Cravey*
Irwin B. Schwartz (BBO# 548763)
ischwartz@blaschwartz.com
**BLA SCHWARTZ, PC**
One University Ave., Suite 302B
Westwood, Massachusetts 02090
Phone: 781-636-5000
Fax: 781-636-5090

Wasif H. Qureshi
Texas State Bar No. 24048155
Chris N. Cravey
Texas State Bar No. 24034398
Email: ccravey@jw.com
**JACKSON WALKER, LLP**
1401 McKinney Street, Suite 1900
Houston, TX 77010
(713) 752-4200
(713) 752-4221 – Fax

**Attorneys for Defendant**
**CARBONITE, INC.**

*/s/ Jasjit S. Vidwan*
Janine A. Carlan (*Pro Hac Vice*)
Jasjit S. Vidwan (*Pro Hac Vice*)
**ARENT FOX LLP**
1717 K Street, NW
Washington, DC 20036-5344
Telephone: (202) 857-6000
janine.carlan@arentfox.com
jasjit.vidwan@arentfox.com

Allen N. David, BBO #115000
Elizabeth A. Houlding, BBO #645981
**Peabody & Arnold LLP**
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 951-2100
adavid@peabodyarnold.com
ehoulding@peabodyarnold.com

**Attorneys for Defendant**

**ACRONIS, INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that in accordance with L.R. 7.1(a)(2), counsel for Plaintiff Realtime and counsel for Carbonite met and conferred in good faith regarding resolution of this motion. Counsel for Plaintiff stated that Plaintiff is unopposed to the relief requested in the motion.

*/s/ Chris Cravey*

## CERTIFICATE OF SERVICE

I certify that on March 5, 2019 this document, filed through the ECF system, will be sent electronically to the parties or their counsel who are registered participants as identified on the Notice of Electronic Filing.

*/s/ Chris Cravey*